IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>OHIO REFINING COMPANY, LLC,<br>PILKINGTON NORTH AMERICA, INC.,<br>and<br>CHEMTRADE LOGISTICS, INC.,<br><br>        Defendants. | Case No. |

**CONSENT DECREE WITH**
**CHEMTRADE LOGISTICS, INC.**
**FOR NATURAL RESOURCE DAMAGES**

# **TABLE OF CONTENTS**

I.      BACKGROUND .................................................................................................1

II.     JURISDICTION  ...............................................................................................3

III.    PARTIES BOUND .............................................................................................4

IV.     DEFINITIONS....................................................................................................4

V.      STATEMENT OF PURPOSE ...........................................................................7

VI.     PAYMENTS BY SETTLING DEFENDANT ...................................................7

VII.    STIPULATED PENALTIES ..............................................................................8

VIII.   USE OF PAYMENTS FOR NATURAL RESOURCE RESTORATION.........9

IX.     COVENANTS NOT TO SUE BY THE PLAINTIFF ......................................10

X.      RESERVATION OF RIGHTS BY THE PLAINTIFF .....................................10

XI.     COVENANTS NOT TO SUE BY SETTLING DEFENDANT........................12

XII.    EFFECT OF SETTLEMENT / CONTRIBUTION PROTECTION ................13

XIII.   RETENTION OF RECORDS...........................................................................15

XIV.    NOTICES..........................................................................................................17

XV.     INTEGRATION / APPENDIX.........................................................................18

XVI.    EFFECTIVE DATE AND RETENTION OF JURISDICTION .......................19

XVII.   CONSENT DECREE MODIFICATIONS.........................................................19

XVIII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ....................19

XIX.    SIGNATORIES / SERVICE............................................................................20

XX.     FINAL JUDGMENT ........................................................................................20

I. <u>BACKGROUND</u>

A.      The United States of America, on behalf of the Secretary of the United States Department of the Interior (DOI), through the undersigned attorneys, filed a complaint in this action pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, (CERCLA), 42 U.S.C. § 9607 and Section 311(f) of the Federal Water Pollution Control Act (also known as the Clean Water Act or "CWA"), 33 U.S.C. § 1321(f).

B.      The complaint alleges that defendant Chemtrade Logistics, Inc. ("Settling Defendant"), is liable under CERCLA and the CWA for damages for injury to, destruction of, or loss of natural resources resulting from the release of hazardous substances and the discharge of oil at or to the Duck & Otter Creeks NRDA Site ("Site") located in Lucas and Wood Counties, Ohio.

C.      The Site is located within the Maumee Area of Concern.  The United States alleged in its complaint that natural resources associated with Duck Creek and Otter Creek have been injured as a result of numerous spills and other releases of hazardous substances and discharges of oil from refineries and other industrial complexes located along the creek banks for over a century.  Settling Defendant is the current lessee of approximately seven acres of land located at 1400 Otter Creek Road, Oregon, Ohio formerly known as the Marsulex Facility.  The Marsulex Facility is situated within the Toledo Refinery owned and operated by Ohio Refining Company, LLC ("ORC").  Settling Defendant uses the leased property to supply the Toledo Refinery with sulfuric acid and also to reprocess spent sulfuric acid generated at the Toledo Refinery by ORC.  The Toledo Refinery is located adjacent to Otter Creek.  Despite the industrialized nature of the watershed, substantial wetland complexes remain present along the creeks.

-1-

D.     The Maumee Remedial Action Plan identified the joint Duck and Otter Creeks watershed as a priority project in 1997.  An extensive investigation of Duck and Otter Creeks' sediment, stream conditions, and ecological conditions was subsequently conducted.  The U.S. Environmental Protection Agency and certain private parties entered into a Project Agreement under the Great Lakes Legacy Act to conduct further investigations and perform a sediment removal project ("Remedial Action Project").  The Remedial Action Project was completed in December 2021.

E.     Pursuant to Executive Order 12580, 52 Fed. Reg. 2923 (Jan. 23, 1987), and the National Contingency Plan, 40 C.F.R. Part 300, DOI, through the United States Fish and Wildlife Service, has been delegated authority to act on behalf of the public as Federal Trustee for natural resources impacted by the release of hazardous substance and/or discharge of oil at or from the Site.

F.     The Federal Trustee has been involved in various natural resource damage assessment ("NRD Assessment" or "NRDA") activities relating to the Site in accordance with the regulations found at 43 C.F.R. Part 11, for the purpose of evaluating the injury, destruction, or loss of natural resources resulting from the release of hazardous substances or discharge of oil at the Site and developing a plan to restore, replace, rehabilitate, or acquire the equivalent of the injured natural resources and associated natural resource services.  The Federal Trustee has incurred and will continue to incur assessment costs associated with NRDA activities relating to the Site.

G.     By entry into this Consent Decree, Settling Defendant does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.  By entering into this Consent Decree and making the payments required by its terms, Settling Defendant does

-2-

not expressly, or by implication, admit liability for damages for injury to, destruction of, or loss of natural resources at the Site or at any locations within the Maumee Area of Concern.

H.      The Parties to this Consent Decree recognize, and the Court by entering this Consent Decree finds, that this Consent Decree: (i) has been negotiated by the Parties at arm's length and in good faith; (ii) will avoid prolonged and complicated litigation among the Parties; (iii) will expedite natural resource protection and restoration actions; and (iv) is fair, reasonable, in the public interest, and consistent with the statutory purposes of CERCLA and the CWA.

NOW, THEREFORE, with the consent of the Parties to this Decree, it is hereby ORDERED as follows:

## II. <u>JURISDICTION</u>

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, CERCLA Sections 107 and 113(b), 42 U.S.C. §§ 9607 and 9613(b), and CWA Section 311(n), 33 U.S.C. § 1321(n).  The Court has personal jurisdiction over Settling Defendant.  Venue lies in this District under CERCLA Section 113(b) and 28 U.S.C. §§ 1391(b) and 1395(a), because the Site is located in this judicial district.  This Court retains jurisdiction over the subject matter of this action and over the Parties for the purpose of resolving disputes arising under this Decree, entering orders modifying this Decree, or effectuating or enforcing compliance with this Decree.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses it may have to jurisdiction of the Court or to venue in this District.  Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

III.     PARTIES BOUND

2.      This Consent Decree applies to and is binding upon the United States and upon

Settling Defendant and its successors and assigns.  Any change in ownership or corporate or

other legal status of Settling Defendant, including, but not limited to, any transfer of assets or

real or personal property, shall in no way alter the status or responsibilities of Settling Defendant

under this Consent Decree.

IV.     DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in this

Consent Decree that are defined in CERCLA or the CWA or in regulations promulgated under

CERCLA or the CWA shall have the meaning assigned to them in CERCLA or the CWA, or in

such regulations.  Whenever terms listed below are used in this Consent Decree or its appendix,

the following definitions shall apply:

a.      "Assessment Costs" means the costs of natural resource damage

assessment relating to the Site, including direct and indirect costs, incurred or to be incurred by

the Federal Trustee that are recoverable pursuant to CERCLA Section 107(a)(4)(C), 42 U.S.C.

§ 9607(a)(4)(C), or CWA Section 311(f)(4), 33 U.S.C. § 1321(f)(4).

b.      "CERCLA" means the Comprehensive Environmental Response,

Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675.

c.      "Consent Decree" means this Consent Decree and all appendices attached

hereto (listed in Section XV (Integration / Appendix).  In the event of any inconsistency between

this Consent Decree and any appendix, this Consent Decree shall control.

d.      "Covered Natural Resource Damages" means any Damages for injury to,

destruction of, or loss of Natural Resources and the services provided by such Natural Resources

resulting from releases of hazardous substances and/or discharges of oil at the Site prior to the

-4-

Date of Lodging, including Natural Resource injury that occurs within the Site after the Date of

Lodging as a result of the re-exposure, resuspension, or migration of hazardous substances and

oil released into the environment prior to the Date of Lodging, solely from (i) natural causes or

(ii) the non-negligent implementation of a removal or remedial action at the Site after the Date of

Lodging.

   e.  "CWA" means the Federal Water Pollution Control Act, also known as the

Clean Water Act, as amended, 33 U.S.C. §§ 1251, et seq.

   f.  "Damages" means any damages recoverable by the United States, acting

as trustee on behalf of the public, under CERCLA Section 107(a)(4)(C), 42 U.S.C.

§ 9607(a)(4)(C), or CWA Section 311(f)(4), 33 U.S.C. § 1321(f)(4), as described in 43 C.F.R.

§ 11.15, including but not limited to: (i) Assessment Costs; (ii) the costs of restoration,

rehabilitation, or replacement of injured or lost natural resources or of acquisition of equivalent

resources; (iii) the costs of planning such restoration activities; and (iv) compensation for loss of

use, other lost or reduced natural resource services, or diminution in value of natural resources

from the onset of injury until the completion of restoration or recovery.

   g.  "Date of Lodging" means the date this proposed Consent Decree is filed

with the Court as an attachment to a Notice of Lodging of Consent Decree, pending public

comment as required in Section XVIII (Lodging and Opportunity for Public Comment).

   h.  "Day" or "day" means a calendar day.  In computing any period of time

under this Consent Decree, the day of the event that triggers the period is not counted and, where

the last day is not a working day, the period runs until the close of business of the next working

day.  "Working day" means any day other than a Saturday, Sunday, or federal or State of Ohio

holiday.

   i.  "DOI" means the U.S. Department of the Interior.

j.      "DOJ" means the U.S. Department of Justice.

k.      "Effective Date" means the effective date of this Consent Decree as provided by Section XVI (Effective Date and Retention of Jurisdiction).

l.      "EPA" means the U.S. Environmental Protection Agency.

m.      "Federal Trustee" means DOI, acting through the U.S. Fish and Wildlife Service.

n.      "Interest" means interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest is the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

o.      "Natural Resource" or "Natural Resources" has the meaning provided in CERCLA Section 101(16), 42 U.S.C. § 9601(16), and includes land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States.

p.      "NRDAR Fund" means DOI's Natural Resource Damage Assessment and Restoration Fund, established pursuant to 43 U.S.C. §§1474b and 1474b-1.  This fund's Treasury account symbol (TAS) is 14X5198.

q.      "Paragraph" means a portion of this Consent Decree identified by an Arabic numeral or an upper- or lower-case letter.

r.      "Parties" means the United States and Settling Defendant.

s.      "Plaintiff" means the United States.

t.      "Restoration" means actions to restore, replace, rehabilitate, or acquire the equivalent of injured Natural Resources and associated services to people or the ecosystem.

-6-

u.      "Section" means a portion of this Consent Decree identified by a Roman numeral.

v.      "Settling Defendant" means Chemtrade Logistics, Inc.

w.      "Site" means the Duck & Otter Creeks NRDA Site, located in Lucas and Wood Counties, Ohio.  A map depicting the Site is attached as Appendix A.

x.      "United States" means the United States of America and each department, agency, and instrumentality of the United States, including DOI.

### V.      STATEMENT OF PURPOSE

4.      By entering into this Consent Decree, the mutual objectives of the Parties are  for Settling Defendant:  (i) to contribute to the restoration, replacement, or acquisition of the equivalent of the natural resources allegedly injured, destroyed, or lost as a result of hazardous substance releases at the Site; (ii) to reimburse natural resource damage assessment costs incurred by the Federal Trustee; and (iii) to resolve its alleged civil liability for Covered Natural Resource Damages as provided herein.

### VI.      PAYMENTS BY SETTLING DEFENDANT

5.      Payments for Restoration of Natural Resources.  Within 30 Days of the Effective Date, Settling Defendant shall pay $87,500, plus Interest accrued on that amount from the Date of Lodging through the date of payment, to the United States for Natural Resource Damages. Subject to the deduction required by the 1994 CJS Appropriations Act, this recovery shall be deposited in the DOI NRDAR Fund for use by the Federal Trustee in accordance with Section VIII (Use of Payments for Natural Resource Restoration).

6      Payments for Assessment Costs.  Within 30 Days of the Effective Date, Settling Defendant shall pay $12,500, plus Interest accrued on that amount from the Date of Lodging through the date of payment, to the United States for reimbursement of Assessment Costs

incurred by DOI.  Subject to the deduction required by 1994 CJS Appropriations Act, this recovery shall be deposited in the NRDAR Fund.

7    Procedures for Payments.  The Financial Litigation Unit (FLU) of the United States Attorney's Office for the Northern District of Ohio will provide Settling Defendant, in accordance with Section XIV (Notices), with instructions for making the payments under Paragraphs 5 and 6, including a Consolidated Debt Collection System (CDCS) reference number. Settling Defendant shall make such payments at https://www.pay.gov in accordance with the FLU's instructions, including providing the CDCS Number.  Settling Defendant shall send notice of the payments to the United States in accordance with Section XIV (Notices).

## VII.    STIPULATED PENALTIES

8    In the event any payment required by Paragraph 5 or 6 is not made when due, Settling Defendant shall also pay to Plaintiff stipulated penalties of $1,500 per day from the date payment was due through the date of full payment.

9    Demand and Payment of Stipulated Penalties.  Plaintiff may send Settling Defendant a demand for stipulated penalties owed to Plaintiff under Paragraph 8.  The demand should include a description of the noncompliance and should specify the amount of the stipulated penalties owed to Plaintiff.  Settling Defendant shall pay the amount demanded within 30 Days after receipt of the demand, in accordance with the payment instructions under Section VI (Payments by Settling Defendant).  Settling Defendant shall send notice of any payment under this Section to Plaintiff.  Any such notice must identify the payment as a stipulated penalty paid under this Decree.

10    Stipulated penalties accrue as provided in this Section regardless of whether Plaintiff has notified Settling Defendant of a violation.

11      The payment of stipulated penalties does not alter any other obligation of Settling Defendant under the Consent Decree.

12      Notwithstanding any other provision of this Section, Plaintiff may in its unreviewable discretion waive any portion of any stipulated penalties owed under the Decree.

13      <u>Costs of Enforcement</u>.  If Plaintiff prevails in a judicial action to collect an overdue payment required under this Consent Decree and/or any accrued but unpaid stipulated penalties or Interest, Settling Defendant shall reimburse Plaintiff for the costs (including the costs of attorney time or attorney's fees) incurred by Plaintiff in connection with the enforcement action.

14      <u>Non-Exclusivity of Remedy</u>. Nothing in this Consent Decree limits the authority of Plaintiff to seek any other remedies or sanctions available by virtue of a violation of this Consent Decree by Settling Defendant.

VIII.      <u>USE OF PAYMENTS FOR NATURAL RESOURCE RESTORATION</u>

15      All funds received under Paragraph 5 must be used to restore, rehabilitate, replace and/or acquire the equivalent of the natural resources alleged to be injured as a result of releases of hazardous substances or discharges of oil at or from the Site, in accordance with this Decree. The activities for which restoration funds may be applied include: (a) restoration planning, including any further assessment needed to develop and finalize restoration plans; (b) implementation of restoration projects; (c) administrative expenses and indirect costs related to restoration planning or implementation; and (d) operation, maintenance, and monitoring of completed restoration projects and adaptive management to reinstate or enhance the effectiveness of restoration in accordance with 43 C.F.R. § 11.81, and 42 U.S.C. §§ 9607(f) and 9611(i).

16     Decisions regarding any use or expenditure of funds under this Section will be made by the Federal Trustee.  Settling Defendant may not challenge or dispute, in any forum or proceeding, any decision by the Federal Trustee regarding the use of restoration funds under this Section or the selection or implementation of restoration relating to the Site, except that it may participate in opportunities for public comment on Federal Trustee proposals that are formally noticed for comments by the general public.

## IX.     COVENANTS NOT TO SUE BY PLAINTIFF

17.     Subject to Section X (Reservations of Rights by Plaintiff), Plaintiff hereby covenants not to sue or to take administrative action against Settling Defendant to recover Covered Natural Resource Damages.  This covenant (a) takes effect upon the Effective Date, (b) is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree, (c) extends to the successors of Settling Defendant but only to the extent that the alleged liability of the successor is based solely on its status as a successor of Settling Defendant, and (d) does not extend to any other person.

## X.     RESERVATION OF RIGHTS BY PLAINTIFF

18     General Reservations.  The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant and with respect to all matters not expressly included within Section IX (Covenant Not to Sue by Plaintiff), of this Consent Decree. Notwithstanding any other provisions of this Consent Decree, Plaintiff reserves all rights against Settling Defendant with respect to:

a.     liability for failure by Settling Defendant to meet a requirement of this Consent Decree;

-10-

b.     liability for injunctive relief or administrative order enforcement to require removal or remedial action under CERCLA Section 106, 42 U.S.C. § 9606, CWA Section 309(b), 33 U.S.C. § 1319(b), or any other applicable federal or state law;

c.     liability for costs incurred or to be incurred by Plaintiff that are not within the definition of Covered Natural Resource Damages, including but not limited to (i) response costs incurred by Plaintiff under CERCLA or any other applicable federal or state law that authorizes removal or remedial actions relating to hazardous substance releases, and (ii) costs of any health assessment or health effects study under CERCLA Section 107(a)(4)(D), 42 U.S.C. § 9607(a)(4)(D);

d.     liability for natural resource damages resulting from Settling Defendant's releases or threatened releases of hazardous substances, or discharges or threatened discharges of oil, that occur (i) outside the Site or (ii) after the Date of Lodging;

e.     liability for civil penalties under the CWA or any other applicable federal or state law; and

f.     criminal liability.

19.    <u>Additional Reservation Regarding Natural Resource Damages</u>.  Notwithstanding any other provision of this Consent Decree, Plaintiff reserves and this Consent Decree is without prejudice to the right to institute proceedings against Settling Defendant in this action or in a new action seeking recovery of Natural Resource Damages for injury to, destruction of, or loss of natural resources based on:

(a)    conditions unknown to the Federal Trustee as of the Date of Lodging that result in releases of hazardous substances or discharges of oil at the Site that cause or contribute to the injury, destruction, or loss of Natural Resources ("Unknown Conditions"); or

(b)      information received by the Federal Trustee after the Date of Lodging that, together with any other relevant information, indicates that releases of hazardous substances or discharges of oil at the Site have resulted in injury, destruction, or loss of Natural Resources of a type unknown or a magnitude substantially greater than was known to Federal Trustee as of the Date of Lodging ("New Information").

20.      For purposes of Paragraph 19, the conditions known to the Federal Trustee as of the Date of Lodging include only those documented in (i) information collected or developed by or for the Federal Trustee for purposes of the Natural Resource Damages Assessment for the Site in the possession or control of the Federal Trustee, and (ii) any administrative record established by EPA for a removal or remedial action selected prior to the Date of Lodging.

21.      The re-exposure, resuspension, or migration of hazardous substances or oil known to be present and unconfined in the environment at the Site as of the Date of Lodging does not create a basis for action by the Federal Trustee under Paragraph 20 if the re-exposure, resuspension, or migration resulted solely from (i) natural causes or (ii) the non-negligent implementation of a removal or remedial action at the Site, after the Date of Lodging, under an order issued by or a consent decree with EPA.

## XI.    COVENANTS NOT TO SUE BY SETTLING DEFENDANT

22.      Subject to the reservation in Paragraph 23 Settling Defendant covenants not to sue or otherwise assert any claim or cause of action against Plaintiff relating to Covered Natural Resource Damages, the assessment of natural resource injuries and damages, or any restoration action relating to the Site, including any such claim under CERCLA, the CWA, the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or common law.

-12-

23.   <u>Settling Defendant's Reservations</u>.  If Plaintiff brings a cause of action or takes administrative action under the reservations in Paragraph 19 (Additional Reservation Regarding Natural Resource Damages), Settling Defendant's covenant not to sue will not apply to claims by Settling Defendant that arise from the same damages that Plaintiff is seeking pursuant to the applicable reservation.

XII.   <u>EFFECT OF SETTLEMENT / CONTRIBUTION PROTECTION</u>

24.   Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States or the States, pursuant to CERCLA Section 113(f)(2) and (3), 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional Natural Resource Damages, response costs, or response action and to enter into settlements that give rise to contribution protection pursuant to CERCLA Section 113(f)(2).

25.   The Parties agree and by entering this Consent Decree the Court finds that: (a) the complaint filed by the United States in this action is a civil action within the meaning of CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1); (b) this Consent Decree constitutes a judicially-approved settlement under which Settling Defendant has, as of the Effective Date, resolved its liability to the United States within the meaning of CERCLA Sections 113(f)(2) and (f)(3)(B), 42 U.S.C. §§ 9613(f)(2) and 9613(f)(3)(B); and (c) Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for the

-13-

"matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are Covered Natural Resource Damages, provided, however, that if the United States exercises rights under the reservations in Paragraph 19 (Additional Reservation Regarding Natural Resource Damages), the "matters addressed" in this Consent Decree will no longer include those Natural Resource Damages that are within the scope of the exercised reservation.

26.     Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify the United States no later than 60 Days prior to the initiation of such suit or claim.  Settling Defendant shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify the United States in writing within 10 Days after service of the complaint or claim upon it.  In addition, Settling Defendant shall notify the United States within 10 Days of service or receipt of any Motion for Summary Judgment and within 10 Days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

27.     <u>Res Judicata and Other Defenses</u>.  In any subsequent administrative or judicial proceeding initiated against Settling Defendant by the United States for injunctive relief, recovery of response costs or Natural Resource Damages, or other appropriate relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

28.     Nothing in this Consent Decree diminishes the right of the United States under CERCLA Section 113(f)(2) and (3), 42 U.S.C. § 4613(f)(2) and (3), to pursue any person not a party to this Consent Decree to obtain additional relief (including response action, response

costs, and natural resource damages) and to enter into settlements that give rise to contribution protection pursuant to CERCLA Section 113(f)(2).

## XIII.    RETENTION OF RECORDS

29.    <u>Settling Defendant Certification</u>.  Settling Defendant certifies that: (a) it has implemented a litigation hold on documents and electronically stored information relating to the Site, including information relating to its potential liability under CERCLA or the CWA regarding the Site, since the earlier of notification of potential liability by the United States or the State or the filing of suit against it regarding the Site; and (b) it has fully complied with any and all requests for information under CERCLA Sections 104(e) and 122(e), 42 U.S.C. §§ 4604(e) and 4622(e), RCRA Section 3007, 42 U.S.C. § 6927, and CWA Section 308, 33 U.S.C. § 1318.

30.    <u>Retention of Records and Information</u>.  Settling Defendant shall retain, and instruct its contractors and agents to retain, the following documents and electronically stored data ("Records") until 5 years after the Effective Date:

a.    All records regarding Settling Defendant's liability under CERCLA or the CWA regarding the Site; and

b.    All records created or generated in accordance with this Consent Decree.

31.    At the end of the Record Retention Period, Settling Defendant shall notify the Federal Trustee that it has 90 days to request the Settling Defendant's Records subject to this Section.  Settling Defendant shall retain and preserve its Records subject to this Section until 90 days after the Trustee's receipt of the notice.  These record retention requirements apply regardless of any corporate record retention policy.

32.    Settling Defendant shall provide to Federal Trustee, upon request, copies of all Records and information required to be retained under this Section.

33.    <u>Privileged and Protected Claims</u>.

a.    Settling Defendant may assert that all or part of a record requested by Federal Trustee is privileged or protected as provided under federal law, in lieu of providing the record, provided that Settling Defendant complies with Paragraph 33.b., and except as provided in Paragraph 33.c.

b.    If Settling Defendant asserts a claim of privilege or protection, it shall provide Federal Trustee with the following information regarding such record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, of each addressee, and of each recipient; a description of the record's contents; and the privilege or protection asserted.  If a claim of privilege or protection applies only to a portion of a record, Settling Defendant shall provide the record to Federal Trustee in redacted form to mask the privileged or protected portion only.  Settling Defendant shall retain all records that it claims to be privileged or protected until Federal Trustee has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in Settling Defendant's favor.

c.    Settling Defendant shall not make any claim of privilege or protection regarding: (1) any data regarding the Site, including all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological or engineering data, or the portion of any other record that evidences conditions at or around the Site; or (2) the portion of any record that Settling Defendant is required to create or generate in accordance with this Decree.

34.    <u>Business Confidential Claims</u>.  Settling Defendant may assert that all or part of a record provided to Federal Trustee under this Section is business confidential to the extent permitted by and in accordance with CERCLA Section 104(e)(7), 42 U.S.C. § 4604(e)(7), and 40

-16-

C.F.R. § 2.203(b).  Settling Defendant shall segregate and clearly identify all records or parts thereof submitted under this Consent Decree for which Settling Defendant asserts business confidentiality claims, labeling each page or each electronic file "confidential business information" or "CBI."  Records that Settling Defendant claims to be confidential business information will be afforded the protection specified in 40 C.F.R. part 2, Subpart B.  If no claim of confidentiality accompanies records when they are submitted to Federal Trustee, or if Federal Trustee has notified Settling Defendant that the records are not confidential under the standards of CERCLA Section 104(e)(7), 42 U.S.C. § 4604(e)(7), or 40 C.F.R. part 2, subpart B, the public may be given access to such records without further notice to Settling Defendant.

35.     Notwithstanding any provision of this Consent Decree, the Federal Trustee retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, CWA, and any other applicable statutes or regulations.

## XIV.    NOTICES

36.     All agreements, approvals, consents, deliverables, modifications, notices, notifications, objections, proposals, reports, waivers, and requests specified in this Consent Decree must be in writing unless otherwise specified.  Whenever a notice is required to be given or a report or other document is required to be sent by one Party to another under this Consent Decree, it must be sent as specified below.  All notices under this Section are effective upon receipt, unless otherwise specified.  In the case of emailed notices, there is a rebuttable presumption that such notices are received on the same day that they are sent.  Any Party may change the method, person, or address applicable to it by providing notice of such change to all Parties.

As to the United States:

    As to the Department of Justice:        eescdcopy.enrd@usdoj.gov
                                            Ref: DJ # 90-11-3-07084

    As to the Department of Interior:       U.S. Department of the Interior
                                            Natural Resource Damage Assessment
                                             and Restoration Program
                                            Attn.: Restoration Fund Manager
                                            1849 C Street, NW
                                            Mail Stop 4449
                                            Washington, DC  20240

                                            and

                                            Kelly Brooks Bakayza
                                          Senior Attorney
                                          U.S. Department of the Interior
                                          Office of the Solicitor
                                          5600 American Blvd W., Suite 650
                                          Bloomington, MN 55437
                                          Kelly.Bakayza@sol.doi.gov

    As to Settling Defendant:

                                            Stephen Thorn
                                          Senior Director, Environmental Risk
                                          Chemtrade Logistics (US), Inc.
                                          90 E Halsey Rd
                                          Parsippany, NJ 07054

                                          and

                                          Ben Burford
                                          Senior Counsel
                                          Chemtrade Logistics (US), Inc.
                                          155 Gordon Baker Rd.
                                          North York, ON M2H 3N5, Canada

## XV.    INTEGRATION / APPENDIX

    37.    This Consent Decree and its appendix constitute the entire agreement among the

Parties regarding the subject matter of the Consent Decree and supersedes all prior

representations, agreements, and understandings, whether oral or written, regarding the subject matter of the Consent Decree.

38.     The following appendix is attached to and incorporated into this Consent Decree:

"Appendix A" is a map of the Site.

### XVI.     EFFECTIVE DATE AND RETENTION OF JURISDICTION

39.     This Consent Decree shall take effect on the date upon which approval of this Consent Decree is recorded on the Court's docket.

40.     The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

### XVII.     CONSENT DECREE MODIFICATIONS

41.     Any material modification of this Consent Decree must be in writing, signed by the Parties, and shall be effective upon approval by the Court.  Any non-material modification to this Consent Decree also must be in writing and shall be effective when signed by the Parties and filed with the Court.  Unless all Parties to the Consent Decree agree on a modification, a Party seeking a judicial order to modify the Consent Decree bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

### XVIII.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

42.     This Consent Decree will be lodged with the Court for a period of at least 30 days for public notice and comment in accordance with CERCLA Section 122(d), 42 U.S.C. § 9622(d), and 28 C.F.R. § 50.7.  Until entry of the Consent Decree, the United States may withdraw or withhold its consent, after consultation with the Federal Trustee, if the comments regarding the Consent Decree disclose facts or considerations which indicate that the proposed settlement is inappropriate, improper, or inadequate.

43.     Settling Defendant consents to the entry of this Consent Decree without further notice and shall not challenge any provision of this Consent Decree unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.  If for any reason this Court declines to approve this Consent Decree in the form presented, or if approval and entry is subsequently vacated on appeal, this Consent Decree is voidable at the sole discretion of any Party and, if so voided, the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX.     <u>SIGNATORIES / SERVICE</u>

44.     The undersigned representatives of the Settling Defendant and the United States each certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.  This Consent Decree may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.

45.     Settling Defendant must identify, on the attached signature pages, the name and address of an agent who is authorized to accept service of process by mail on behalf of Settling Defendant with respect to all matters arising under or relating to this Consent Decree.  Settling Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons.  The Parties agree that Settling Defendant need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XX.     <u>FINAL JUDGMENT</u>

46.     Upon entry of this Consent Decree by the Court, this Consent Decree constitutes a final judgment under Fed. R. Civ. P. 54 and 58 among the Parties.

-20-

SO ORDERED THIS _____ DAY OF _____, 2024.

_____
United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in <u>United States, *et al*. v. Ohio Refining Company, LLC, *et al*</u>:

FOR THE UNITED STATES OF AMERICA

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: _____          _____
JEFFREY A. SPECTOR
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
(202) 514-4432
Jeffrey.Spector@usdoj.gov

REBECCA C. LUTZKO
United States Attorney
Northern District of Ohio

Date: _____          ___/s Guillermo L. Rojas_____
GUILLERMO L. ROJAS
Assistant United States Attorney
Northern District of Ohio
Four Seagate, Third Floor
Toledo, OH  43604
(419) 241-0716
Guillermo.Rojas@usdoj.gov

THE UNDERSIGNED PARTY enters into this Consent Decree in <u>United States, <i>et al</i>. v. Ohio Refining Company, LLC, <i>et al</i></u>:

FOR CHEMTRADE LOGISTICS, INC.

Date:

Signature

Typed Name: _Rohit Bhardwaj_

Title: _Chief Financial Officer_

Address: _155 Gordon Baker Road, Suite 300_

_Toronto, Ontario_

_M2H 3N5_

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Typed Name: _____

Title: _____

Address: _____

_____

_____

-23-

# Appendix A

APPENDIX A

